UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Marvin Lumber and Cedar Company, *et al.*,

        Plaintiffs,

Civ. No. 10-3881 (RHK/LIB)
**ORDER**

v.

Sapa Extrusions, Inc.,

        Defendant.

---

Sapa Extrusions, Inc.,

        Third-Party Plaintiff,

v.

The Valspar Corporation,

        Third-Party Defendant.

---

This matter is before the Court *sua sponte*.

The Court recently heard oral argument on Marvin's Motion for Partial Summary Judgment (Doc. No. 110), after which it discussed with counsel, on the record, the deadlines in this case, the trial-ready date, and the bevy of upcoming Motions that have been filed or will be soon.[1] The purpose of this Order is to lay out for the parties how the Court intends to proceed (schedule-wise) moving forward.

---

[1] Sapa (Doc. No. 112) and Valspar (Doc. No. 217) have already moved for summary judgment, and the Court believes that Marvin, too, is likely to file such a motion in short order. Moreover, counsel indicated at the hearing that "all parties intend to bring Daubert motions" in this case. (7/13/12 Hear. Tr. at 68.)

For a number of reasons, it has become clear that a February 2013 trial date, as currently set in this case, is unrealistic. The parties are still undertaking discovery, including expert discovery, and the discovery period does not close until September 15, 2012. All discovery must be completed before the upcoming motions for summary judgment and <u>Daubert</u> motions can be briefed, argued, and decided, as the full universe of evidence bearing on the issues must be known in advance. Indeed, the recent hearing on Marvin's Motion for Partial Summary Judgment drove that point home. One of Sapa's key arguments in opposition to the Motion was that Marvin had "fail[ed] to present any [evidence showing that] Sapa made an express warranty in conflict with the disclaimers in Sapa's terms and conditions." (Doc. No. 189 at 21.) But at the hearing, Marvin countered that assertion with testimony from a witness obtained *well after the Motion had been fully briefed*. (<u>See</u> 7/13/12 Hear. Tr. at 9.) Simply put, ruling on summary judgment before discovery is complete is premature, and neither the parties nor the Court should be forced to aim at a moving target when addressing the issues in this case.

Furthermore, the Court believes that the soon-to-be-filed <u>Daubert</u> motions must be resolved *before* summary judgment. The Court finds it extremely unlikely that the parties will eschew reliance on their experts' opinions in connection with their summary-judgment motions,[2] and hence they will need to know which expert opinions are admissible – or not admissible – when briefing those motions. Only once the evidentiary "lay of the land" has been set will the Court and the parties be in position to opine whether "there is no genuine

---

[2] Notably, Marvin cited expert testimony in connection with its recently heard Motion. (<u>See</u> Doc. No. 152 at 5.) And at the hearing, Sapa's counsel indicated that at least some of the issues in its summary-judgment motion will be "tie[d] to" its expert's testimony. (7/13/12 Hear. Tr. at 73.)

dispute as to any material fact and . . . judgment as a matter of law" is appropriate.   Fed. R. Civ. P. 56(a).

But given Local Rule 7.1(b)'s timelines for briefing dispositive motions (including Daubert motions), the September 15, 2012 discovery cutoff, the Court's expectation that it will commence a 4-6 week criminal trial on October 3,[3] and the end-of-the-year holidays, it is extremely unlikely that the upcoming motions can be briefed, argued, and decided before the beginning of 2013.   Nor does this account for the time necessary to complete court-ordered settlement discussions, which will likely occur post-Daubert but before the parties have gone to the time and expense of briefing summary judgment.[4]   And even if all of these tasks were able to be completed before New Year's Day, little time would remain before the start of trial for the submission of pre-trial materials (such as motions in limine) and the hearings they will necessarily engender.

For all of these reasons, and based on all the files, records, and proceedings herein, the Court concludes that the February 2013 trial date must be continued.   Due to scheduling conflicts, however, the next-soonest month in which the Court can set aside a sufficient block of trial time for this case is April 2013.   Accordingly, **IT IS ORDERED** that the trial in this action is **CONTINUED** to the Court's April 2013 trial calendar; an

---

[3] At the July 13 hearing on Marvin's Motion, the Court advised the parties that it would inquire of counsel in the criminal case whether they anticipated the trial would proceed on October 3.   It appears that the trial will, indeed, commence on that date.

[4] At a minimum, the parties will have a settlement conference with Magistrate Judge Brisbois. Given the Court's review of the record, however, it appears that the parties may require some prodding to "grease the wheels" toward settlement.   Accordingly, the Court is contemplating ordering a summary jury trial before the Magistrate Judge at some point prior to hearing their summary-judgment motions.

exact trial-commencement date will be set by later Order of the Court.  **IT IS FURTHER ORDERED** that:

1. The following briefing schedule shall apply to the parties' yet-to-be-filed Daubert Motions:  (i) opening briefs, along with all supporting documents, shall be served and filed on or before September 28, 2012; (ii) responsive briefs, along with all supporting documents, shall be served and filed on or before October 19, 2012; and (iii) reply briefs (if any), along with all supporting documents, shall be served and filed on or before October 26, 2012.  The Court will later notify the parties of the date on which it intends to hear their Daubert Motions;

2. The parties will be ordered to participate in settlement proceedings before the Magistrate Judge following disposition of the Daubert Motions;

3. The Court will set a briefing schedule on the parties' summary-judgment Motions should the aforementioned settlement proceedings prove unsuccessful.  The hearings on Sapa's Motion for Summary Judgment (currently scheduled for September 20, 2012) and Valspar's Motion for Summary Judgment (currently scheduled for October 8, 2012) are **CONTINUED** *sine die* and will be re-set, if necessary, by further Order of the Court; and

4. The Court **RESERVES** ruling on Marvin's recently argued Motion for Partial Summary Judgment (Doc. No. 110) until it takes up the parties' other summary-judgment motions.[5]

---

[5] The Court also **RESERVES** ruling on whether it will consider the new evidence submitted by Marvin at the July 13 hearing on its Motion.  If the Court intends to consider that evidence, Sapa

- 5 -

The Court wishes to stress that the parties should not interpret this Order as giving them license to "take their foot off the gas pedal," so to speak.   This case has been pending for nearly two years and the Pretrial Scheduling Order has already been amended twice. ***The Court fully expects the parties to complete discovery by September 15, 2012, as all other deadlines hinge on that taking place.***   Lest there be any doubt, this means that there will be ***NO FURTHER EXTENSIONS*** of the discovery cutoff.

Dated: July 20, 2012                    s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge

---

will be given an opportunity to address it.