**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Marvin Lumber and Cedar Company, *et al.*,

                Plaintiffs,         Civ. No. 10-3881 (RHK/LIB)
                                              **ORDER**

v.

Sapa Extrusions, Inc.,

                Defendant.

---

Sapa Extrusions, Inc.,

                Third-Party Plaintiff,

v.

The Valspar Corporation,

                Third-Party Defendant.

---

This matter is before the Court on the parties' eleven Motions to exclude certain expert evidence under Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).[1] The Court has carefully considered the abundant materials submitted by the parties supporting and opposing the Motions.

---

[1] The Motions are Doc. No. 263 (concerning Dr. Robert Iezzi); Doc. No. 267 (concerning Dr. Allise Wachs); Doc. No. 271 (concerning Donald Gorowsky); Doc. No. 274 (concerning Dr. Wachs, Gorowsky, and the "coastal sales estimate"); Doc. No. 277 (concerning Dr. Rudolph Buchheit); Doc. No. 283 (concerning Alan Salzberg); Doc. No. 286 (concerning Cynthia O'Malley); Doc. No. 289 (concerning David Duffus); Doc. No. 292 (concerning Andrew Hirt); Doc. No. 295 (concerning Gordon Smith); and Doc. No. 299 (concerning O'Malley and Jan-Olov Nilsson).

Rule 702, which governs the admission of expert testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Court, acting as a "gatekeeper," must evaluate whether proffered expert testimony passes muster under Rule 702, bearing in mind that the touchstone for admitting such testimony is assistance to the trier of fact. See, e.g., Larson v. Kempker, 414 F.3d 936, 941 (8th Cir. 2005). The threshold is low – expert testimony should be admitted if it "advances the trier of fact's understanding *to any degree*." Robinson v. GEICO Gen. Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006) (emphasis added) (internal quotation marks and citations omitted). In other words, only if the proffered testimony is "so fundamentally unsupported that it can offer no assistance to the jury" should it be excluded. United States v. Finch, 630 F.3d 1057, 1062 (8th Cir. 2011) (citations omitted).

As the Eighth Circuit has recognized, Rule 702 "reflects an attempt to *liberalize* . . . the admission" of expert testimony and "*clearly is one of admissibility rather than exclusion*." Polski v. Quigley Corp., 538 F.3d 836, 838-39 (8th Cir. 2008) (emphases added). As a result, courts must resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility, Finch, 630 F.3d at 1062, and "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility," Robinson, 447 F.3d at 1100. Hence, "the rejection of expert testimony is the exception rather than the rule." Id.

Bearing the above principles in mind, the Court concludes that nearly all of the parties' objections to the proffered expert evidence in this case go to the weight of that evidence and not its admissibility. Moreover, the Court believes that the evidence is sufficiently reliable to be admitted under Daubert. The parties will have ample opportunity at trial to explore the bases for the challenged evidence through "[v]igorous cross-examination" and the "presentation of contrary evidence." Daubert, 509 U.S. at 598. Furthermore, certain evidence has been objected to on relevance grounds, but Federal Rule of Evidence 401 – deeming evidence relevant if it has "*any* tendency to make a fact more or less probable" (emphasis added) – sets an extremely low bar that the Court concludes has been cleared here. See, e.g., United States v. Holmes, 413 F.3d 770, 773 (8th Cir. 2005) ("The threshold for relevance is 'quite minimal.'") (quoting United States v. Guerrero-Cortez, 110 F.3d 647, 652 (8th Cir. 1997)). Finally, the Court believes that the proffered evidence will assist the jury's understanding of the complex issues raised in this case. Robinson, 447 F.3d at 1100.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that each of the parties' Motions (Doc. Nos. 263, 267, 271, 274, 277, 283, 286, 289, 292, 295, and 299) is **DENIED**. The parties are reminded that discovery in this case is closed. No expert testifying at trial should expand his or her opinions beyond those in his or her expert report (or rebuttal report).

Dated: April 18, 2013                          s/Richard H. Kyle
                                               RICHARD H. KYLE
                                               United States District Judge